signed by the deceased in his lifetime, that they had not heard of the notes until a short time before the trial is incompetent and prejudicial.

---

# E. W. Ponting, Appellant, v. Stephen R. Shepherd and Laura A. Shepherd, Appellees.

1. COVENANTS, § 37*—*what evidence admissible in action for breach*. Parol evidence tending to show that a grantee knew that coal and other minerals and the right to mine the same had been conveyed to another and that the consideration was based on that fact, is admissible in an action of covenant brought by the grantee to recover damages for breach of a covenant of warranty of title to real estate, although prior articles of agreement had been executed which made no reference to a reservation of coal, where the wife of the grantor was a party defendant and had not been a party to the articles of agreement.

2. COVENANTS, § 37*—*when parol evidence admissible in action for breach*. Parol evidence tending to show that a grantee had knowledge of the prior conveyances of coal and other minerals

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and mining rights in land to another, and that the consideration was based on that fact, is admissible in an action of covenant brought to recover damages for breach of covenant warranty of title to real estate, although prior articles of agreement which made no references to a reservation of coal had been executed, where the grantee admits that he knew of the conveyance of the coal before the execution of the deed.

3. MINES AND MINERALS, § 11*—*what is effect of conveyance of mineral rights.* The conveyance of coal and mining rights in land divides the land into two separate and distinct estates, the surface constituting one and the coal the other.

4. COVENANTS, § 37*—*what evidence admissible in action for breach of covenant of title.* Parol evidence tending to show that a grantee had knowledge of the prior conveyance of coal and mining rights in land, and that the consideration for the deed was based on that fact, is admissible in an action of covenant in which damages were sought for breach of warranty of title to land, although prior articles of agreement which made no reference to a reservation of coal had been executed, where two separate estates in land had in fact been created by the prior conveyance of coal and mining rights.

Appeal from the Circuit Court of Christian county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed April 16, 1915.

WILEY & MOREY, for appellant.

W. NAY BOGGESS and W. B. McBRIDE, for appellees.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

This is an action of covenant brought to recover damages for the breach of a covenant of warranty of title to real estate conveyed by appellee to appellant by warranty deed dated January 14, 1913. The trial resulted in a verdict for appellant awarding him nominal damages in the sum of $1. The deed in question purports, in consideration of $1 and other valuable consideration, to convey and warrant to appellant one hundred and sixty acres of land in the county of Chris-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tian. The basis for the breach of warranty of title is
the fact that at the time the deed was executed by ap-
pellees all the coal and other minerals with the right
to mine the same had been conveyed to the Stonington
Coal Company by prior grantors and appellees had
title only to the surface. The defense to the action
was that appellant, prior to the execution of the deed,
knew that the coal had been conveyed and that the con-
sideration paid by appellant was for the surface only.

Appellant owned some land in Washington county,
Mississippi, known as the "Sligo plantation" and had
listed the same with the witness Cantrall for sale. Ap-
pellee, Stephen R. Shepherd, had also listed his land
with Cantrall for sale. Cantrall attempted to bring
about a trade between appellant and Stephen R. Shep-
herd for the exchange of their respective lands. The
evidence for appellees tends to show that Cantrall, in
discussing the deal with appellant, informed him that
the coal under the appellees' land had been sold and
that Ponting stated that he would make the trade,
"coal or no coal," and would pay Cantrall $1,000 if
he should be successful in closing the deal. It appears
that appellant's attorney, William McGinley, was in
some way interested with appellant, either in the Sligo
plantation or in the deal itself, although just what his
interests were does not appear from the evidence.
McGinley was present on several occasions when Can-
trall talked over the matter with appellant. Cantrall
gave to McGinley an abstract of title of appellees'
land, which showed the conveyance of the coal, and
McGinley testifies that he examined the abstract, dis-
covered the condition of the title in regard to the coal
and informed appellant of the same. McGinley gave
Cantrall a receipt for the abstract and this receipt is
dated January 6, 1912, though McGinley testifies that
the abstract was not delivered to him by Cantrall until
after articles of agreement had been executed by ap-
pellant and appellee Stephen R. Shepherd for the ex-

change of the property. These articles of agreement were entered into November 25, 1912, and provide that for and in consideration of the covenants therein made and to be performed by appellee, Stephen R. Shepherd, appellant agrees to convey by good and sufficient warranty deed to said appellee, Stephen R. Shepherd, the Sligo plantation, and in consideration for the above transfer appellee, Stephen R. Shepherd, agrees to convey by good and sufficient warranty deed to appellant the one hundred and sixty acres of land heretofore mentioned in the deed. The deeds made pursuant to the articles of agreement were executed January 14, 1913.

It is insisted by appellant that all the parol testimony introduced by appellees, tending to show that appellant knew that the coal and other minerals and the right to mine the same had been conveyed and that the consideration for the deed of appellant was based on that fact, was incompetent for the reason that all prior agreements in regard to the consideration were merged in the articles of agreement signed by appellant and by Stephen R. Shepherd, appellee, and that as no reservation of the coal was made in the articles of agreement they are conclusive on the subject of the consideration. We do not think this contention can be sustained for two reasons: First, this is an action against Stephen R. Shepherd and Laura A. Shepherd, jointly. Laura A. Shepherd was not a party to the articles of agreement and could not be bound by their terms. Appellant admits that he knew of the conveyance of the coal before the execution of the deeds. Second, by the prior conveyance of the coal and the right to mine the same, the land of appellees was divided into two distinct estates, as was held in the case of *Lloyd v. Sandusky*, 203 Ill. 621. The surface constituted one and the coal the other, and the latter when thus severed constitutes land. At the time appellant re-

ceived the deed from appellees there were two distinct tracts of land, one lying above the other, having the same legal description yet each was so severed from the other that it constituted a distinct and separate body of land. It was a question of fact for the jury to determine from the evidence whether appellant knew of this condition prior to his execution of the articles of agreement, and if he had this knowledge it must be presumed that the articles of agreement contemplated only the conveyance of the estate owned by Stephen R. Shepherd at that time and that his contract was only with reference to the estate so owned by him. *Lloyd v. Sandusky, supra.* We are of opinion that there was no error in the admission of the parol evidence of the consideration of the deed in question, nor of the knowledge of appellant of the severance of the two estates. The judgment will be affirmed.

*Affirmed.*